**FILED**
**Apr 17, 2026**
**10:19 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **DEXTER M. ELSBERRY,**<br>    **Employee,**<br>**v.** | **Docket No. 2025-80-7100** |
| **FEDEX,**<br>    **Employer,**<br>**and** | **State File No. 57381-2025** |
| **INDEMNITY INS. CO. OF N. AM.,**<br>    **Carrier.** | **Judge Shaterra R. Marion** |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on April 9, 2026. Mr. Elsberry sought medical and temporary disability benefits. FedEx contended that Mr. Elsberry already received all benefits due. For the reasons below, the Court holds that Mr. Elsberry is not likely to prevail at a hearing on the merits in showing his entitlement to benefits.

### Claim History

Mr. Elsberry injured his back on August 7, 2025, while working at FedEx. He chose Dr. James Escue from a panel. Dr. Escue diagnosed Mr. Elsberry with a lumbar strain, ordered physical therapy, and returned him to work with restrictions. At his final visit, Dr. Escue wrote that some of Mr. Elsberry's pain complaints "do not match with his diagnosis."

A month later, Mr. Elsberry went to the hospital, where a doctor ordered a CT scan. The scan showed mild degenerative disc disease and a disc bulge, and the doctor recommended Mr. Elsberry contact Dr. Escue.

Six weeks later, Mr. Elsberry went to another hospital with "worsening back pain." An MRI showed a disc bulge but no acute abnormality. Mr. Elsberry wanted back surgery, but the doctor found no "emergent indication" that would require

1

surgery.

After these encounters, FedEx offered another panel, and Mr. Elsberry chose Dr. John Brophy. He told Dr. Brophy he had pain in his back and buttocks that extended into his legs. Dr. Brophy offered a steroid injection or continued observation with activity modification and medication.

Mr. Elsberry asked for the injection. He went to have the injection with a different doctor in the clinic. Mr. Elsberry refused the injection and demanded to see Dr. Brophy because he had additional questions and developed intermittent numbness in both legs since the last visit.

Dr. Brophy spoke with Mr. Elsberry and wrote that "based on his current complaints, which have increased in severity," he did not think Mr. Elsberry's lower-extremity symptoms resulted from his work accident and could not be explained by the disc abnormality shown on the MRI. He recommended that Mr. Elsberry manage his back pain "with a low-impact home endurance exercise program."

Dr. Brophy told Mr. Elsberry to see his primary care physician and released him to work without restrictions effective February 9, 2026. Dr. Brophy confirmed in his final medical report that he placed Mr. Elsberry at maximum medical improvement with a 0% rating.

Mr. Elsberry argued that he needs additional treatment. He also said that because Dr. Brophy recommended injections, he should not have been placed at maximum medical improvement.

### Findings of Fact and Conclusions of Law

Mr. Elsberry must prove he is likely to prevail at a hearing on the merits on his request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To recover medical benefits, Mr. Elsberry must show a physician found to a reasonable degree of medical certainty that his work injury contributed more than 50% in causing his current need for medical treatment, considering all causes. *Id.* § 50-6-102(12).

Mr. Elsberry did not meet this requirement, as Dr. Brophy ultimately determined his work accident did not cause his current symptoms. Although Dr. Brophy recommended a steroid injection, he changed his opinion on the medical necessity of the injection when Mr. Elsberry relayed new symptoms that could not be explained by his MRI results. So, Mr. Elsberry is unlikely to show at a hearing on the merits that he is entitled to additional medical treatment.

The Court also denies Mr. Elsberry's request for additional temporary disability benefits. These benefits "are terminated either by the ability to return to work or attainment of maximum recovery." *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Dr. Brophy stated that Mr. Elsberry reached maximum medical improvement, and Mr. Elsberry gave no contrary proof. Therefore, his attainment of maximum medical improvement ended his right to temporary disability benefits. Mr. Elsberry is unlikely to prevail at a hearing on the merits on this request as well.

The Court sets a status conference for **June 16, 2024, at 1:45 p.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

IT IS ORDERED.

**ENTERED April 17, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

3

# APPENDIX

**Exhibits:**

1. Rule 72 Declaration of Mr. Elsberry
2. Car Title Loan Agreement
3. DCS Permanency Plan
4. *[For Identification Only]* Transcript of Audio Recording between Mr. Elsberry and Dr. Brophy
5. Emergency Room Visit #2
6. Chronology of Denial
7. Vehicle Repossession Records
8. AT&T Employment Email
9. Text messages between Mr. Elsberry and his coworker
10. Investigative Suspension Records
11. Panels Selecting Drs. Escue and Brophy
12. Medical Records filed by FedEx
13. Final Medical Report of Dr. Brophy
14. Rule 72 Declaration of Danielle Christoph

## CERTIFICATE OF SERVICE

I certify that I sent a copy of this Order on April 17, 2026.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Dexter Elsberry, Employee | X | X | 7904 Briarwood Cove Bartlett, TN 38002 elsberrydexter@gmail.com |
| Stephen Miller, Joseph Baker, Employer's Attorneys | | X | smiller@mckuhn.com jbaker@mckuhn.com mdoherty@mckuhn.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
  When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

  **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*